UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHAN GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-2182 |
| | ) | |
| CHARLES MCGREW, | ) | |
| PETER BUCKLEY, | ) | |
| RICHARD BICKLE, | ) | |
| BARB MOSLEY, | ) | |
| | ) | |
| Defendants. | ) | |

MERIT REVIEW OPINION

Plaintiff, proceeding pro se, has brought this civil rights action pursuant to 42 U.S.C.

§1983. The matter comes before this Court for merit review under 28 U.S.C. §1915A.  In

reviewing the complaint, the Court takes all factual allegations as true, liberally construing them

in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff alleges that his constitutional rights were violated when he inadvertently

consumed and almost choked on a "bread tie," a small piece of paper-wrapped wire commonly

used to secure the plastic packaging surrounding a loaf of bread, found in a meal served by the

prison.  Plaintiff alleges that defendants, three jail administrators and a kitchen supervisor,

should be held liable solely on the basis of their respective job descriptions and supervisory

roles.  Plaintiff specifically alleges he did not have contact with any of the defendants on the date

in question.

At the time of the alleged constitutional violation, Plaintiff was a pretrial detainee at

Douglas County Jail.  As a pretrial detainee, a prisoner's claim alleging unconstitutional

conditions of confinement is governed by the Fourteenth Amendment Due Process Clause, rather

than the Eighth Amendment prohibition against cruel and unusual punishment. *Mayoral v. Sheahan*, 245 F.2d 934, 938 (7th Cir. 2001). Despite this distinction, there exists "little practical difference between the two standards." *Id*. (quoting *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000)). In conditions-of-confinement claims, "an inmate must show: (1) conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of 'deliberate indifference.'" *McRoy v. Sheahan*, No. 03C4718, 2004 WL 1375527, at *2 (N.D. Ill. Jun. 17, 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see Estelle v. Gamble*, 429 U.S. 97,104 (1976) ("[D]eliberate indifference to serious medical needs" violates the Eighth Amendment); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (finding no difference between cases involving inadequate medical care and other conditions of confinement, including the right to adequate food). Deliberate indifference means "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

As part of the duty to provide inmates with a healthy, habitable environment, prison officials must provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citations omitted). Complaints of cold, poorly prepared, or even food that occasionally contains foreign objects do not rise to the level of constitutional deprivation. *See Drake v. Velasco*, 207 F.Supp.2d 809, 812 (N.D. Ill. 2002) (citing *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)). Plaintiff has not alleged that the conditions in which the food at the Douglas County Jail were prepared and served presented a risk to his safety or the safety of any other inmate, nor that the

food itself failed to meet the minimum nutritional requirements. Instead, Plaintiff relies on the mere presence of a foreign object in his food on one occasion. Plaintiff has failed to allege facts that warrant a finding that actions by any prison official were sufficiently serious as to deny him the "minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Therefore, Plaintiff's claim must fail.

Furthermore, Plaintiff's allegations do not support an inference that prison officials acted with deliberate indifference. Upon receiving Plaintiff's complaint, prison officials took steps to remediate the issue and prevent similar incidents from occurring despite Plaintiff's admitted reluctance to cooperate with the investigation. Even if the Court assumes that jail staff was negligent in preparing Plaintiff's food, that showing would not be enough to satisfy the standard for deliberate indifference. *See Mayoral*, 245 F.3d at 938 (holding that deliberate indifference requires more than negligence).

Finally, government officials cannot be held liable "for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A plaintiff must plead that each official, "though the official's own individual actions, has violated the Constitution." *Id.* Plaintiff alleges no individual action on the part of the defendants, relying only upon their supervisory positions for purposes of liability under 42 U.S.C. §1983. For the reasons discussed above, the Court finds that even if it allowed Plaintiff to amend the complaint to reflect proper defendants under §1983, that Plaintiff's claim still would not survive merit review under 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot.**

**2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.**

**3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

**4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 21st day of November , 2014.


s/ James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE